UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FLENEAR JEFFERSON,

                    Petitioner,

v.

Warden ZYCH, JANE and JOHN DOE,
and SOCIETY AT LARGE,

                    Respondents.

Civil No. 12-682 (JRT/JJG)


**REPORT AND
RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.)  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.   BACKGROUND

Petitioner is a federal prisoner who is currently incarcerated at the United States

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Penitentiary – Lee, ("USP-Lee"), located in Jonesville, Virginia.  He is serving a 190-month prison sentence imposed in a federal criminal case that was prosecuted here in the District of Minnesota.  <u>United States v. Jefferson</u>, Crim. No. 07-8 (JNE/JJG).  Petitioner did not file a direct appeal after he was convicted and sentenced in that case, nor did he ever file a motion in the trial court seeking post-conviction relief under 28 U.S.C. § 2255.

In Petitioner's current § 2241 habeas corpus petition, he claims that he is "actually innocent" of the sentence that he is presently serving, by reason of the United States Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010).  According to Petitioner, <u>Carachuri-Rosendo</u> establishes that "he is in fact innocent of being a career offender," and he is therefore entitled to a writ of habeas corpus that would cause him to be released from prison.  (Petition, [Docket No. 1], p. 4.)  However, the Court finds that Petitioner's current § 2241 habeas corpus petition cannot be entertained in the District of Minnesota, because he is not presently confined within the State of Minnesota.

## II.   DISCUSSION

A habeas corpus petition normally must be filed in the district court where the petitioner is confined.  This is so, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who normally is the warden or chief executive official at the institution where the petitioner is confined.  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004).  <u>See</u> <u>also</u> <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be

unlawful custody").[2]

As a general rule, a federal district court cannot entertain a habeas orpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed.  See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court").  See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).  It follows that a habeas petition brought under 28 U.S.C. § 2241 normally must be filed in the district where the petitioner is incarcerated. United States v. Chacon-Vega, 262 Fed.Appx. 730, 731 (8th Cir. 2008).In this case, Petitioner improperly filed his habeas corpus petition in a district other than the district in which he is currently confined.  Because Petitioner is confined at USP-Lee, he should have filed his petition in the Western District of Virginia, where USP-Lee is located.  The District of Minnesota lacks jurisdiction in this case, because Petitioner was not confined in this District when he filed his petition here.  See United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (habeas corpus petition was not properly filed in the Eastern District of Missouri, because petitioner was not confined in that district at the time); Dyer v. United States, 23 F.3d 1424, 1426

---

[2] The Court notes that Petitioner properly named the Warden at USP-Lee, Warden Zych, as one of the Respondents in this case, (although it is doubtful that "John and Jane Doe" and "Society at Large" are also proper Respondents).  However, the District Court for the District of Minnesota lacks jurisdiction over Warden Zych, because he or she is not located in Minnesota.

(8th Cir. 1994) (district court correctly concluded that it lacked jurisdiction to hear habeas petition, because petitioner was confined in a different district); Propotnik v. Putman, 538 F.2d 806, 807 (8th Cir.1976) (district court lacked jurisdiction over § 2241 habeas petition filed by petitioner who was incarcerated in another district when the petition was filed); Schmitt v. Brennan, No. 94-1558 (8th Cir. 1994), 1994 WL 517256 (unpublished opinion) at * 1 (district court lacked jurisdiction to entertain § 2241 habeas corpus petition because petitioner "did not... file the action in the district in which he was then confined"). Because the District Court for the District of Minnesota lacks jurisdiction in this matter, the claims presented in Petitioner's current habeas corpus petition cannot be heard and decided here.

The only remaining issue to consider is whether this action should be dismissed, or whether it should be transferred to the District Court in which it should have been filed, (the Western District of Virginia), pursuant to 28 U.S.C. § 1631. That statute provides that –

> "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

The Court finds that it would not be in the interest of justice to transfer this case to the proper district pursuant to § 1631, because it is highly doubtful that Petitioner's current § 2241 habeas corpus petition could be heard and decided on the merits in that district.

As a general rule, a federal prisoner cannot collaterally attack his conviction or sentence in a § 2241 habeas corpus petition, but must instead seek post-conviction relief by filing a motion in the trial court under 28 U.S.C. § 2255.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his or her original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255

exclusive remedy rule.  In this case, Petitioner is attempting to challenge the validity of the sentence imposed by the trial court judge in his federal criminal case.  Therefore, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause is applicable.  However, Petitioner has made no effort to show that the savings clause could properly be applied in this case.  Therefore, if the current petition were transferred to the Western District of Virginia, that Court would almost certainly be required to dismiss the action pursuant to the exclusive remedy rule prescribed by § 2255(e).  Even if the current petition were before the proper court, (the Western District of Virginia), it would almost certainly be dismissed, because Petitioner has not shown that § 2255 is an inadequate or ineffective remedy for the claims he has attempted to bring in his petition.[3]  Thus, the Court concludes that the interest of justice would not be served by transferring this case to the Western District of Virginia. Instead, the Court will recommend that this action be summarily dismissed for lack of jurisdiction.[4]

---

[3]   The Court has considered whether Petitioner's current § 2241 habeas corpus petition could be construed to be a § 2255 motion, and transferred to the original trial court judge in this District, (District Court Judge Joan N. Ericksen).  However, it is readily apparent that Petitioner's current claims for relief could not be heard and decided in a § 2255 proceeding, because of the one-year statute of limitations that applies to § 2255 motions.  (See 28 U.S.C. § 2255(f)(1).)  Even if Carachuri-Rosendo established a newly-recognized constitutional rule that is retroactively applicable on collateral review, (which is an extremely dubious proposition), it still would be too late for Petitioner to seek relief under § 2255, because Carachuri-Rosendo was decided more than one year ago.  (See 28 U.S.C. § 2255(f)(3).)  Moreover, it clearly appears that Petitioner has deliberately attempted to bring his claims under § 2241, rather than § 2255 – presumably because he recognizes that his claims are no longer reviewable under § 2255.  Therefore, the Court will not recommend that the current § 2241 habeas corpus petition be construed to be a § 2255 motion and transferred to the trial court judge who presided over Petitioner's federal criminal case.

[4]   Because this action is to be dismissed for lack of jurisdiction, Petitioner should still

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be summarily dismissed for lack of jurisdiction.


Dated: March 21, 2012                     _s/ Jeanne J. Graham_____
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 5, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.  The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.

---

be able to file a § 2241 habeas corpus petition in the district where he is confined. However, it would not be prudent to file a new petition in the proper district unless Petitioner is prepared to show – and actually does show – that § 2255 is an inadequate and ineffective remedy for the claims presented in that new petition.