# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| FLENEAR JEFFERSON, | Civil No. 12-682 (JRT/JJG) |
| Petitioner, | |
| v. | |
| WARDEN ZYCH, JANE DOE, JOHN DOE, and SOCIETY AT LARGE, | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| Respondents. | |

Flenear Jefferson, No. 13215-041, U.S. Penitentiary-Lee, P.O. Box 305, Jonesville, VA 24263, petitioner *pro se*.

Erika R. Monzangue and Gregory G. Brooker, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415, for respondent Zych.

Flenear Jefferson, a federal prisoner located in Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In a Report and Recommendation ("R&R") dated March 21, 2012, United States Magistrate Judge Jeanne J. Graham recommended that the Court dismiss Jefferson's petition for lack of jurisdiction because Jefferson had not filed the writ in the district court where he is confined and it would not be in the interests of justice to transfer the case to the proper district. (Docket No. 2.) Jefferson objects to the R&R, arguing that this Court should address the merits of his case. Jefferson also requests that the Court convert his § 2241 petition to a § 2255 petition.

The Court has conducted a *de novo* review of Jefferson's objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. L.R. 72.2. The Court finds that this Court does not have jurisdiction and that Jefferson's § 2241 petition is not the correct vehicle for his claims. Because the Court also finds that it would be inappropriate to construe Jefferson's motion as a § 2255 petition, it will overrule Jefferson's objections and adopt the R&R.

## BACKGROUND

Jefferson is a federal prisoner incarcerated at the United States Penitentiary-Lee in Jonesville, Virginia. He is serving a 190-month sentence imposed after he pled guilty to Conspiracy with Intent to Distribute Cocaine. *United States v. Jefferson*, No. 07-008 (JNE/JJG). Jefferson did not file a direct appeal after his sentence was imposed, and he has never filed a motion seeking post-conviction relief under 28 U.S.C. § 2255. (*See* Petition at 2-3, Docket No. 1.)

In his current petition, Jefferson claims that he is "actually innocent of being a career criminal" in light of *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) and *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011). According to Jefferson, these cases establish that he is not a career offender because neither of his two prior convictions resulted in his being given a term of imprisonment greater than one year.[1]

---

[1] To be a career offender (1) the defendant must have been eighteen years old at the time of the instant offense; (2) the instant offense must be a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing

(Footnote continued on next page.)

# DISCUSSION

## I.   LACK OF JURISDICTION

Jefferson makes no objection to the Magistrate Judge's determination that this Court has no jurisdiction.  (*See generally* Objection to R&R, Apr. 9, 2012, Docket No. 3.) In the absence of specific objections, the R&R is reviewed for clear error.  Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).  The Court finds no clear error in the determination that this Court has no jurisdiction: because Jefferson is not currently located in Minnesota, Jefferson's § 2241 habeas corpus petition cannot be entertained within this District.  *See Bell v. United States*, 48 F.3d 1042, 1042-43 (8th Cir. 1995).

## II.   JEFFERSON'S OBJECTIONS

Jefferson objects that the Magistrate Judge failed to address the merits of his underlying claims.  (*See* Objection to R&R at 1 ("[T]he clerk fails to hold that the claims lack merit[.]").)  Jefferson further objects that if the Court finds that relief under § 2241 is

---

(Footnote continued:)

Guidelines Manual § 4B1.1(a).  Jefferson argues that he did not have two valid predicate convictions because he was not given a term of imprisonment exceeding one year for either conviction.  *See Haltiwanger*, 637 F.3d at 883 ("As the Supreme Court duly noted . . . for any conviction to be considered a felony, the '**maximum** term of imprisonment authorized must be more than one year.'" (emphasis added) (quoting *Carchuri-Rosendo*, 130 S. Ct. at 2586)).

not available, the Court should proceed under § 2255.[2]  (*Id.* at 2.)  Because this Court does not properly have jurisdiction over Jefferson's § 2241 petition, the Court cannot address Jefferson's claim that he is "actually innocent."   The Court will only address (1) whether the § 2241 petition should be transferred to the District Court where it should have been filed or (2) whether the § 2241 petition should be construed as a § 2255 petition and transferred to the original trial court judge in this district.

### A.   Relief Under § 2241

In order to have his § 2241 petition transferred to the district court where it should have been filed, this Court must determine that the petition could be heard and decided on the merits in that district.   28 U.S.C. § 1631 (permitting transfer "in the interest of justice"); *see e.g. United States v. Beverly*, No. 05-213, 2007 WL 2750674 (E.D. Wisc. Sept. 19 2007) ("Transfer is not in the interest of justice if the Complaint is frivolous and additional adjudication a waste of judicial resources.") (quoting *Poole v. Baker*, 874 F. Supp. 222, 224 (C.D. Ill. 1994)).   Jefferson seeks to challenge the validity of his 2009 sentence imposed by the trial court.   Though Jefferson brought this case as a petition under § 2241, a federal prisoner can only challenge his incarceration under that statute in limited circumstances.   "A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to

---

[2] Section 2255 allows a federal prisoner to challenge his conviction or sentence by filing a motion with the trial court.   Section 2241 can be used by a federal prisoner who is not challenging the validity of his conviction or sentence or when § 2255 is an inadequate or ineffective means of challenging the validity of his conviction or sentence.   *See* 28 U.S.C. § 2255(e).

challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8ᵗʰ Cir. 2004) (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8ᵗʰ Cir. 2003)).   The only way for a federal prisoner to seek relief under § 2241 instead of § 2255 is through § 2255's "savings clause," which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255(e) (emphasis added).

Jefferson's habeas petition under § 2241 is therefore barred by § 2255's exclusive remedy rule, unless § 2255's savings clause applies.   "The inmate bears the burden of showing that the remedy is inadequate or ineffective." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8ᵗʰ Cir. 2010).   Jefferson has made no attempt to show that a § 2255 petition would have been inadequate.[3]   The Court concludes that Jefferson has not met his burden of showing that the interest of justice would be served by transferring the case; therefore, Jefferson's action must be dismissed for lack of jurisdiction.[4]

---

[3]  Moreover, a procedural bar to § 2255 relief "does not alone render the remedy inadequate or ineffective." *Lopez-Lopez*, 590 F.3d at 907 (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8ᵗʰ Cir. 2000)).

[4]  Jefferson could still file this action in the Western District of Virginia, where he is incarcerated.

CASE 0:12-cv-00682-JRT-JJG   Document 4   Filed 06/25/12   Page 6 of 6

**B.       Relief under § 2255**

In some cases, a Court may construe a § 2241 habeas petition that is barred by the exclusive remedy rule as a motion brought under § 2255.   Here, Jefferson is also precluded from seeking relief under § 2255 because the applicable one-year statute of limitations has expired.[5]   28 U.S.C. § 2255(f).  It would be inappropriate, therefore, for this Court to construe Jefferson's habeas petition as a § 2255 motion and to transfer it to the original trial court judge.


**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the petitioner's objections [Docket No. 3] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 2] date March 21, 2012. **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [Docket No. 1] is **DISMISSED** for lack of jurisdiction.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   June 25, 2012                              _s/ John M. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                   United States District Judge

---

[5] "A 1-year period of limitation" applies to all § 2255 motions.  28 U.S.C. § 2255(f).  In this case, the period could run from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court"  *Id.*  Greater than one year has elapsed since Jefferson's judgment became final and since the Supreme Court decided *Carachuri-Rosendo*.

- 6 -